Good morning, Your Honors. May it please the Court, Thomas P. Higgins of Higgins & Trippett for the Plaintiff Appellant, Manhattan Review LLC, and Dr. Jorn Meisner, who sued Driverly on behalf of Manhattan Review LLC. Your Honors, in 2016, the Supreme Court decided CRST, and in that case they discussed under what circumstances a defendant who obtains a dismissal of a lawsuit on procedural grounds should be determined to be a prevailing party under fee-shifting statute. In that case, it was the Civil Rights Act. Here we have the Trademark and Copyright Acts. And under that case and its progeny, which has been addressed by sister circuits but not directly by the second circuit, we submit that the dismissal below on procedural grounds by the district court was not of such a nature to render the defendants prevailing parties, and so the award of attorney's fees was improper for that grounds. We have other arguments, too, but that's the first one I'd like to address. And the reason being is that in CRST, the Supreme Court talked about how even if it's a procedural dismissal, the dismissal must result in a material alteration of the legal relationship between the parties. And the Supreme Court in that case was citing an earlier Supreme Court case called Texas State. Or another way to put it was a judicially sanctioned change in the legal relationship between the parties, and that formulation was from Buchanan, which was an earlier Supreme Court case. Isn't that what happened here? I mean, the defendants obtained a substantive result in the sense that your clients can't pursue their claims until they get the certificate of cancellation. Your Honor, we would submit Or until they nullify the certificate of cancellation. We would submit that that's not the case. What we asserted here in the Southern District of New York were ten causes of action, two for copyright, two for trademark, and the rest for common law state claims, breach of fiduciary duty, fraudulent conveyance. Upon the dismissal below, those claims were filed with the exception of copyright in Delaware Chancery Court because of the trouble that we've had with this notion that Manhattan View LLC is de — has been deemed to be, in effect, not — not capable of filing a lawsuit under Delaware law. We — we question that. We have a Certificate of Good Standing that's been issued by the — by the Delaware Secretary of State, and we submitted that that was enough to allow us to proceed here. But the decision was dismissal based on lack of standing because — by way of collateral estoppel because of what Supreme Court had done in a — in a related case where Dr. Meisner is advancing his personal claims against Ms. Yoon and the defendants here. And that case originally had both derivative claims and Dr. Meisner's a bifurcation of that. So we are, in fact, on behalf of Manhattan Review LLC, not — not me, but Delaware counsel, has filed since September of 2017 a lawsuit that seeks to exalt the trademark claims that were dismissed in this case. So as a matter of fact, we would submit that the dismissal did not accomplish a material alteration of the parties. Another formulation that this Court had talked about in Preservation Coalition of Erie County was that the dismissal must actually accomplish something substantive. And we submit that the dismissal did not do that. It simply deferred the — certainly did not purport to address the merits of the copyright and trademark claims. It did not address the merits of the breach of fiduciary claims. And it did nothing but defer the case, very similar to the Dattner case, where there was a dismissal on form nonconvenience grounds. And this Court held that, well, okay, plaintiff survives for another day, so that is not a situation where you're prevailing party under trademark copyright. — The ERST is pretty clear that you don't need a favorable ruling on the merits to be the prevailing party. And this is not quite like form nonconvenience, because there's an alteration in the sense that you can't go forward in this Court or in any court until that certificate. I mean, you've been delayed substantially and may be delayed forever if you don't get the certificate nullified. — Well, in the record is the fact that we have filed the Delaware complaint, and that lawsuit is ongoing and has been ongoing since September of 2017. And our first cause of action in that case asked for a declaration that, hey, please declare that the certificate of good standing that was issued by the Secretary of State is valid, that the entity was duly revived by Dr. Mizer in 2015. But all the other causes of action, or the causes of action that were to submit with the exception of copyright because of exclusive jurisdiction, are being litigated down there. So we would submit that this is not a situation where they obtained a material alteration of the parties at all. Moving on to perhaps, unless Your Honor has more questions, on prevailing party, even if it could be said that the defendants were prevailing parties. Fees are not awarded under the Trademark Act unless it's an exceptional case and the formulation for copyright is similar. There has to be something special. And in that case, we would refer to, in our briefs address, octane fitness from 2014, which was a patent case. But, of course, the Patent Act is similar to the trademark and requiring exceptional cases. And the Court, in that case, talked about considering the totality of the circumstances. Kurt Sang, also decided by the Supreme Court, that was in 2016, talks about the Fogarty factors. You need to have more, it seems to me, than a dismissal on lack of standing. And when you're talking about whether the claims, the intellectual property claims, were or were not proper, there has to be some nexus between so-called frivolousness of the party's actions and those intellectual property claims, because the American rule says that you bear your own fees in all other cases. And we submit that even if they were prevailing party, that it was a mistake for the district court to award attorneys' fees under either the Copyright or the Trademark Act, because the Trademark and Copyright Acts were concededly not addressed, the merits were not addressed. And the evidence – there was evidence in the record, not only from the allegations of the complaint, but we actually put in affirmative evidence that showed that the reason why the LLC came to court in Federal court, the reason why Dr. Mizer acted derivatively, was because the defendants were actively selling their seven copyrighted materials online in Amazon, both at the time of the complaint, 2016, and including as recently as last year, 2017, they were actively selling and trading on and engaged in unfair competition in the form of reverse passing off by selling the goods and intellectual property of Manhattan Review on Amazon and on websites and elsewhere. So that's why we went to court and that's why we're here. And I see that my time is up. I'll address other points on rebuttal. Thank you. Good morning, Your Honors. May I please report? I'm the first named defendant appellee in this action. My co-counsel, Mr. Kuhn, representing the corporate entities also here. We are to divide the eight minutes between the two of us. And the third defendant appellee, Mr. Chris Kelly, is also here to answer any questions your Honors may have. So I'm going to respond to Mr. Higgins a few points first. Based on Supreme Court's ruling in CRST, it's a black letter law saying that once the defendant fulfilled its primary objective, rebuffing, successfully rebuffing the plaintiff's challenge, regardless of the precise reason, the defendant is a prevailing party. That's what's happening here. Secondly, Mr. Higgins spent quite a few minutes talking about the current legal status of the Delaware lawsuit. It's irrelevant to this case because the condition to plaintiff gaining its capacity to sue is to have Delaware Court of Chancery successfully nullifying the certificate of cancellation, which was filed and approved more than seven years ago. So the factor, the condition is not merely filing a lawsuit. Anyone can file a lawsuit. And it can be frivolous just in this case. Rather, it's the result of that lawsuit counts. Third, Mr. Higgins also spent quite some time arguing the underlying merits and the facts in this action. However, it's plaintiffs who withdrew their previous appeal before the Second Circuit. And the Court dismissed the case based on them being in default for more than 40 days. They had their chance to prove, you know, their case, including their allegations of copyright infringement claim. They themselves gave it up. And I want to also quickly focus on two more arguments. The entire action by the plaintiffs is frivolous. So that encompasses both the initiation, continuation, claims, and the conduct. They made numerous misrepresentations to judge to Magistrate Francis that including their mischaracterization of the State court orders on October 28th. Secondly, based on Highmark case issued by Supreme Court, this circuit's standard of review is whether or not the district court abused its discretion. The district court opinions were issued by two judges, 30-year veteran Magistrate Francis and Senior Judge Kaplan. Especially Senior Judge Kaplan wrote Magistrate Francis' opinion is characteristically thorough and careful. And Magistrate judge spent 40 pages in deciding, you know, whether its reasonable defendants are entitled to the fees and the amount of the fees. We argue that the amount of the fees are reasonable. It's merely 50,000 for a year and a half legal work, which, you know, and the work involved is about six full motions. So in essence, the rewarded fees is only about 20 hours per motion, and we found that to be very reasonable. Good morning. May it please the Court, Justin Kuhn of Moore Kuhn on behalf of Defendant Appellee Manhattan Enterprise Group. Just to expand upon what's already been discussed in regard to CRST, CRST is clear, and I believe it directly applies to this case. It's clear on two points. One, a prevailing party does not need to be on the merits, as already discussed. And two, a defendant is a prevailing party any time it rebuffs a plaintiff's case. And as Judge Francis, excuse me, pointed out in his over 40-page report and recommendation, not only were defendants rebuffed, but they are forced now to file the Certificate of Reinstatement, something they've painstakingly avoided in two actions. I'd also like to highlight for the Court, on page 13 of the report and recommendation, which is Special Appendix page 15, this the Judge Francis noted that the plaintiffs do not assert that the defendants are not prevailing parties because the claims raised in this action could be pursued in a subsequent case. So the position which is raised today about the Delaware action, to the extent we obviously disagree and we feel that's entirely incorrect, it was not even raised below as acknowledged in the report and recommendation. So on either basis, whether you view it as was this issue raised, the answer is no. Was a substantial alteration of the parties' rights obtained? The answer is yes. So under either analysis, CRST applies directly and it determines that the defendants are a prevailing party in this action. And to go back to Octane, Octane, which we believe there is no reason why the patent case of Octane would not apply to a trademark decision, is very clear that it's in the lower court's discretion as to whether or not a case is exceptional under the relevant statute. Here, again, Judge Francis did a painstaking review whether or not plaintiff disagrees, which they obviously do, is not a basis to find that a case is not exceptional in discretion. He reviewed the record. He found the case was frivolous. He reviewed the parties' litigation history, which is extensively discussed in the briefs, and I will not get into it, but the parties have a very acrimonious history. He made a determination in his discretion, which we believe is fully supported by his thorough analysis, that it's exceptional. It's not for this Court, respectfully, to revisit his determination, you know, as sort of respectfully, Your Honor, as Monday morning quarterback. Again, I'd like to point to the same point to the amount of fees awarded. Again, the fact that defendants, plaintiffs, or this Court might come to a different conclusion is not a basis to reverse the amount of fees awarded. It would have to be a clearly erroneous standard. The plaintiff has put forth in his reply, you know, several different methods of calculation of the fees which he puts forth, but the fact that a different method of calculation exists, again, does not demonstrate an abuse of discretion. There's nothing in the record to demonstrate an abuse of discretion. The record demonstrates that defendants are prevailing parties. The record demonstrates that this is an exceptional case. The record demonstrates that Judge Francis did a painstaking review of the billing records in this case and came to the conclusion that an award of approximately $50,000 is correct, which, as he notes in his report and recommendation, is something to the extent of a 53% haircut of the total amount billed. As Your Honors can see, Ms. Yoon acted as pro se in this case. I feel her argument speaks for itself as to her capability and the benefit she had to the parties in ultimately keeping bills lower in this matter than if she had independent counsel working on her behalf. That's all I have, Your Honor. Your Honors, if you don't have any further questions. Thank you. Just briefly in response, Your Honor. In CRST, the Supreme Court case, the EEOC could not bring those alleged sexual harassment claims again. They were out. That was a procedural ground. They had failed to discharge their statutory duty to investigate, but they were out. In the sister circuit cases that have applied CRST, in Ranieri, the Federal Circuit case against Microsoft, that dismissal was with prejudice. The patent, the alleged patent owner had a hearing where he testified, and he could not show that the patents had been assigned back, so he therefore had no standing. So even though that was on a procedural ground, it was with prejudice. That party could never bring that lawsuit again against Microsoft. Similarly, small justice, First Circuit 2017 case, the party in that case, he couldn't bring a copyright claim because he had issued a license, sort of one of these sign-up licenses, a software-type license, but the license precluded him. He had no standing. He had consented to it. No possibility for further lawsuit. And similarly, in the last case, Amphistar, Ninth Circuit, the Quee Tam case, the party had not been able to show that they were the source of the information that led to the fraud. Again, a procedural issue that goes to lack of standing, but dispositive for that lawsuit. Those lawsuits were never going to be revived or filed again. In our case, of course, we are down in Delaware, and they can talk about what they think is going on in Delaware, but the fact of the matter is, is that the Secretary of State had said that the LLC was properly revived, and we've asked for a declaration on that. But all the other, the trademark cases, the trademark claims, are all being litigated down there. So with respect to the magistrate judge, when he said they can't just run and file another lawsuit, well, that's exactly what the plaintiffs did in that case. And just briefly to touch upon the notion, and we refer to our briefs for our other arguments on the calculation, but one of the issues that's important is that a pro se litigant is not supposed to be awarded attorney's fees under Federal fee-shifting statutes. And yet what happened here is the award was for Ms. Young, who purported to act as a pro se litigant at all times. It turns out she was actually being represented by Dyck and McGossett, who put in some 66 percent of the requests for fees, and they were not a party to the case. They didn't put their name on any briefs. And, in fact, we submit that they ghostwrote those. So from a matter of policy perspective, even if you find that they're a prevailing party and if you find that they're entitled to fees under the Trademark and Copyright Acts, we think that no portion of the fees should be awarded to a pro se litigant, and no fees should be awarded for the amount of time that was spent by Dyck and McGossett because of the fact that they're a deduction for that. There was, but I don't – the deduction was – Your argument is that it was inadequate. Precisely. No portion of the amount that is spent by a ghostwriting party for someone who has touted her status as a pro se litigant. She sent letters to the Court regularly saying, I've been at the SDNY pro se clinic, and I don't know whether that was a factor in the judge, you know, having natural empathy, but one would naturally have empathy for a pro se litigant. And it changes things significantly when you find out that you're actually – that that party is actually being represented by a preeminent intellectual property partner who's charging $525 an hour. It was certainly a shock to us. We immediately – and it's in the record – we sent a letter to the magistrate judge and asked for a conference on it when we saw that part of the fees being sought, 66 percent of the fees being sought, were by Dyck actions up here, and the judge said put in papers, magistrate judge said put in papers. But we think that as a matter of policy, not only should a pro se litigant consistent with this Court's prior authority not be awarded attorney's fees, but you shouldn't just award attorney's fees for a ghostwriting entity, a law firm that hasn't revealed its involvement, until the actual end of the lawsuit when you get the papers seeking the attorney's fees. If there are no further questions, thank you, Your Honors. Thank you all. We'll take the matter under submission.